**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SEAN SHALLOW,                                )
                                             )
            Plaintiff,                       )
                                             )        Civil Action No. 1:26-cv-01786 (UNA)
v.                                           )
                                             )
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
                                             )
            Defendant.                       )

## <u>MEMORANDUM OPINION</u>

This matter is currently before the Court on consideration of Plaintiff's Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, who purports to be a "DEA Group Leader" and Chief of the United Nations, sues the United States.  The allegations are difficult to understand, presented in run-on paragraphs with stream-of-consciousness styled anecdotes, spanning decades, presented as evidence of multiple conspiracies orchestrated against him by his mother, the federal government, and others, with the intent to, *inter alia*, murder him, impersonate him, attack him, steal his property, falsely arrest him, "usurp" him, and engage in other "wicked evil things."

Applicable here, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and a complaint that lacks "an arguable basis either in law or in fact" is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Moreover, a federal court cannot exercise subject matter jurisdiction over a frivolous complaint.

*Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant Complaint falls squarely into this category.

Accordingly, this matter is dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(i). A separate Order accompanies this Memorandum Opinion.

Date:   June 16, 2026

*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge